**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARL R. CHARBONNEAU

                          Plaintiff,                          Case No. 07-cv-14220

v.                                                Hon. Denise Page Hood

MARY JANE ELLIOTT, P.C., and
ASSET ACCEPTANCE, L.L.C.,

                          Defendants.

_____/

**ORDER GRANTING DEFENDANT ASSET ACCEPTANCE'S MOTION FOR**
**SUMMARY AND GRANTING IN-PART DEFENDANT MARY JANE ELLIOTT'S**
**MOTION FOR SUMMARY JUDGMENT**
**AND**
**NOTICE OF STATUS CONFERENCE**

**I.**      **INTRODUCTION**

      This matter is before the Court on Defendant Asset Acceptance's Motion for Summary Judgment **[Docket No. 32, filed July 15, 2008]**, and Defendant Mary Jane Elliot P.C.'s Motion for Summary Judgment **[Docket No. 33, filed July 15, 2008]**. The Plaintiff Earl Charbonneau has responded to both motions for summary Judgment **[Docket Nos. 35, 36, filed on Aug. 5, 2008]**, to which both Defendants have replied **[Docket Nos. 37, 38, filed Aug.14, 15, 2008]**. Oral argument was held on September 16, 2008.

      On October 14, 2008, the Plaintiff filed a Supplemental Exhibit to his responsive filings **[Docket No. 41]**. The Supplemental Exhibit is an opinion and order of the Honorable Janet M. Allen of the State of Michigan 46th Circuit Court affirming the state district court's dismissal of Asset Acceptance's Complaint and reversing the state district court's summary disposition in favor of Chrabonneau in the underlying debt collection action. In response to the filing of the

Supplemental Exhibit, Defendant Asset Acceptance has filed a Motion to Strike Plaintiff's Post Hearing Submission, or in the Alternative Leave to File a Response **[Docket No. 42, filed October 31, 2008]**. Having reviewed and considered both the Plaintiff's Supplemental Exhibit and Asset Acceptance's Motion to Strike, this Court GRANTS Defendant Asset's alternative relief and considers both the Supplemental Exhibit and Defendant's additional arguments herein.

Based on a January 27, 2009 ruling in Plaintiff's concurrent state court action – *Charbonneau v. Mary Jane Elliot, P.C. and Asset Acceptance*, Case No. 07-C09793-GC, in the 52-1 District Court for the County of Oakland, State of Michigan – both Defendants have filed motions requesting leave to file supplemental briefs in support of their pending motions for summary judgment. **[Docket Nos. 44 and 45]**.  In sum, the Defendants assert that the instant action should be dismissed under the doctrines of res judicata, or collateral estoppel because the state court found the statute of limitations had not run. [January 27, 2009 Motion Hearing Transcript, Defendant Asset Acceptance Supplemental Reply, Ex. C, p.18-20].  Having reviewed the substance of both motions, and Plaintiff's Response **[Docket No. 47]**, the Defendants Motions are GRANTED and considered herein.

## II.    STATEMENT OF FACTS

This case arose when Defendants Mary Jane Elliot P.C. ("Elliot") and Asset Acceptance, LLC ("Asset") attempted to collect the past due debt of Plaintiff Earl Chabornneau.  Defendant Asset, is a Delaware Limited Liability Corporation that purchases charged-off debt from credit issuers, which includes consumer credit card debt.  Asset retained the services of Defendant Elliot, a collection law firm, in order to collect the Plaintiff's past-due balance on a defaulted Radio Shack/Citibank retail charge account ("account").  The Plaintiff does not dispute utilizing

the card, or the amount owed. Asset asserts that it obtained rights to the account on June 23, 2006, and according to its records, the last payment on the Plaintiff's account was July 3, 2001. It is also important to note that the final payment was made by Consumer Credit Counselor Services ("CCCS"). CCCS is a debt consolidation company that the Plaintiff utilized in the mid-1990s to assist him with paying his creditors.

On or about February 7, 2007, Defendant Elliot sent its initial correspondence to Plaintiff on Asset's behalf. The correspondence supplied Plaintiff's Account information and requested that Plaintiff pay the past due debt. In response to a request for more information, Elliot sent Plaintiff a letter and attached an affidavit requesting verification of the past due debt. Defendants assert that after receiving this letter that the Plaintiff responded with a signed letter dated April 7, 2007, in which he acknowledged his debt and attempted to negotiate a payment plan.

Defendant Elliot also attempted to contact the Plaintiff by telephone. While the Plaintiff's Amended Complaint alleges that Elliot "has been calling Plaintiff nearly every day...and after 9:00p.m.," Defendant Elliot contends that its representatives attempted to call the Plaintiff on two occasions.

On June 26, 2007, Defendant Elliot filed a complaint against the Plaintiff in Michigan State Court, on behalf of Defendant Asset ("prior action"). During the initial portion of the state court proceedings Plaintiff represented himself, by answering the complaint and appearing at a pretrial conference. In his first responsive pleading, Plaintiff filed a handwritten letter addressed to Judge Lynne M. Buday, in which he indicated previous attempts to resolve the pending debt without litigation. On October 1, 2007, the Plaintiff obtained counsel who raised affirmative

3

defenses on his behalf.  Plaintiff submits that the state court judge ultimately dismissed the prior action because of Asset's failure to produce the affidavits supporting its claim that the alleged debt was not time barred by the statute of limitations.  The Defendants contend that the prior action was ultimately dismissed on grounds other than the statute of limitations defense.[1]  In any event, the 46th Circuit Court for the State of Michigan affirmed the dismissal of the complaint because Asset Acceptance was unable to prove its case by relying on a letter from the wrong records custodian. [October 10, 2008 Opinion and Order of 46th Circuit Court, Plaintiff's Supplemental Exhibit 11].  The appellate court also reversed the state district court's decision granting Charbonneau's motion for summary disposition because the trial court had previously precluded him from amending his affirmative defenses to include a statute of limitations defense. [*Id.*]

## III.   STANDARD OF REVIEW

Rule 56(c) provides that a summary judgment should be entered only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute about material facts is "genuine" only if "the evidence is such that a reasonable jury could return a

---

[1] Defendant Asset's reply brief indicates that its state court action was dismissed because of its failure to produce a "written declaration under oath" from Citibank's records custodian. However, Asset subsequently obtained an additional "written declaration under oath" from Citibank's record custodian.

4

verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Summary judgment must be entered against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## IV.   LAW AND ANALYSIS

The Plaintiff's Amended Complaint **[Docket No. 18, filed Feb. 6, 2008]** alleges multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, by Defendants Asset and Elliot. More specifically, Plaintiff claims that Defendants' violations consists of:

> false representations and deceptive means in pursuing the debts; harassment; engaging in unfair or unconscionable means to attempt to collect the debt; threatening Plaintiff with action that cannot be legally taken; falsely representing the character, amount or legal status of the debts; attempting to collect an amount not authorized by the law; communicating with the consumer at any unusual time or place known to be inconvenient, including calling the consumer after 9:00 p.m.; causing a telephone to ring or engaging a person in telephone conversation repeatedly; placing phone calls without meaningful disclosure of the caller's identity; and communicating with any person other than the consumer.

5

Both Defendants now move for summary judgment, and their arguments are addressed below.

**A.     Defendant Asset's Motion for Summary Judgment**

Defendant Asset moves for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) arguing that the Plaintiff's action should be dismissed for four principal reasons: (1) Plaintiff's contention that Asset brought suit in violation of MCL § 600.2145 (requiring debt collectors to provide certain proofs before collection) is without merit; (2) Plaintiff has previously acknowledged his debt in a signed writing, which under Michigan law revives a previously time-barred debt; (3) the evidence establishes that the statute of limitations did not expire until after the filing because of the final payment made by CCCS; and (4) alternatively, Asset is able to rely on the bona fide error defense.  In response, the Plaintiff maintains that: (1) Defendants violated the FDCPA by filing a complaint outside of the applicable statute of limitations period; (2) Plaintiff did not revive the statute of limitations period through a previous court filing; (3) and that with respect to his remaining claims, that single violation of the FDCPA is sufficient to establish civil liability.

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abuses and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).  The FDCPA says, for example, that a "debt collector" may not use violence, obscenity, or repeated annoying phone calls, 15 U.S.C. § 1692d; may not falsely represent "the character, amount, or legal status of any debt," § 1692e(2)(A); and may not use various "unfair or unconscionable means to collect or attempt to collect" a consumer debt, § 1692(f).  Among other things, the FDCPA sets out rules that a debt collector must follow for "acquiring location information" about the debtor, § 1692b;

6

communicating about the debtor (and the debt) with third parties, § 1692c(b); and bringing

"legal actions," § 1692i.  The FDCPA imposes upon "debt collector[s]" who violate its

provisions (specifically described) "civil liability" to those whom they, e.g., harass, mislead, or

treat unfairly.  § 1692k.

1.    *Statute of Limitations*

The Plaintiff's principal contention is that the Defendants filed the prior action against

him outside of the statute of limitations period, in violation of 15 U.S.C. § § 1692e(5),

1692e(2)(A), and 1692f(1).  Both Defendants assert that the prior action was not filed beyond the

applicable statue of limitations because the limitations period was reset by Plaintiff's partial

payments, and the Plaintiff's acknowledgment of the debt in a signed writing.

Under MCL § 600.5807(8) the controlling statute of limitations for the collection of past

due debts is (6) six years from the date the cause of action accrues.  Section 600.5831 further

provides that, "[i]n actions brought to recover the balance due upon a mutual and open account,

the claim accrues at the time of the last item proved in the account."

The Defendants first assert that Plaintiff's partial payment on July 3, 2001, served to reset

the statute of limitations.  There is no question that under Michigan law, a partial payment may

operate as an acknowledgment of the continued existence of the debt and as a waiver of any right

to take advantage of the statute of limitations.  *Yeiter v. Knights of St. Casimir Aid Society*, 461

Mich. 493, 497-98, 607 N.W. 2d 68 (2000).  In *Yeiter*, the Michigan Supreme Court stated:

> [P]artial payment restarts the running of the limitation period unless it is
> accompanied by a declaration or circumstance that rebuts the implication that the
> debtor by partial payment admits the full obligation...Partial payment [on a debt]
> is equivalent to a new promise, and operates as an acknowledgment of the
> continued existence of the demand and as a waiver of any right to take advantage
> by plea of limitations of any such lapse of time as may have occurred previous to

7

the payment being made.

*Id.* at 497-97n.6.

The Plaintiff contends that the final payment was not made by Plaintiff, but instead CCCS, and that he has not made a payment since 2000, well-beyond the statute of limitations. Construing the facts in a light most favorable to the Plaintiff, the Court finds that a material question of fact exists as to whether the final payment made by another organization on behalf of Plaintiff is sufficient to revive the statute of limitations. *Id.*

The Defendants also argue that the statute of limitations was revived by a writing signed by Plaintiff on April 3, 2007, acknowledging the debt.[2] Plaintiff's Response does not address this letter but instead it addresses Plaintiff's Answer to the complaint in the prior debt collection action. Pursuant to MCL § 600.5866 an acknowledgment contained in a writing can revive a debt that has been barred by the statute of limitations. The Defendant has provided a copy of the letter signed by the Plaintiff, moreover, Plaintiff does not contest the authenticity of the writing. Accordingly, the Court is persuaded that the statute of limitations was revived by Plaintiff's April 3, 2007 letter acknowledging his debt.

---

[2] The April 3, 2007 letter, reads:

When this Acct: #*********3604 went delinquent I had went to jail for a period of time. When I was released I had attempted to make up the payments. I contacted customer services and they would not accept what I had to offer they told me it was unacceptable and they needed full balance now. I tried to explain my situation. They would not talk to me. So once again I am willing to stand up to my debt. And this is what I can afford at this time if you people are willing to work with me I can afford $50.00 to $75.00 a month and more if I can. If you decide to accept my offer which I hope you will I would also like this to reflect on my credit (all 3 credit reports) when my payments begin. Like I said I don't feel this debt would be here today if these people would have accepted my offer to begin with. Please let me know what we are going to do.

Thank You
/s/ Earl R. Charbonneau

8

2.      *Violation of FDCPA by Filing Suit in Violation of MCL § 600.2145*

Defendant Asset also asserts that it is entitled to summary judgment as the Plaintiff's claim that Asset violated the FDCPA by bringing suit in violation MCL § 600.2145.  Both Plaintiff and Defendant rely on *Lipa v. Asset Acceptance LLC*, 572 F. Supp. 2d 841 (E.D. Mich. 2008) for their assertions.  Plaintiff contends that he has a claim under the FDCPA because Defendant Asset sued him "based on a document that is four months old and in violation of MCL 600.2145." (Amended Compl. ¶19).  The Court finds that Plaintiff is unable to assert an independent cause of action under § 600.2145.

Under Michigan law, in order to recover the amount due on an open account or upon an account stated, the plaintiff may file and serve on the defendant an affidavit of the amount due annexed by a copy of the account, together with the complaint, and the affidavit shall be deemed prima facie evidence of the alleged indebtedness, unless the defendant files an answer and supporting affidavit denying the indebtedness and serves these documents on the plaintiff or his attorney.  MCL § 600.2145.  Plaintiff alleges that the Defendants violated § 600.2145 by affixing an affidavit that is four months old.

There is no legal requirement that a creditor attach to its collection complaint a proper or timely affidavit.  *See Lipa*, 572 F. Supp. 2d at 850-51.  Instead, the statute prescribes a procedure that, when correctly followed, eases the burden on a creditor seeking to collect on a delinquent account.  *Id.*  Nothing in § 600.2145 suggests that an account affidavit is a prerequisite to bringing a collection action.  Rather, "[i]f an account stated exists, an unanswered affidavit...creates a prima facie case that the party failing to respond owes the other party the amount stated."  *Echelon Homes, LLC v. Carter Lumber Co*, 261 Mich. App. 424, 435, 683

9

N.W.2d 171 (2004), *rev'd in part on other grounds* 472 Mich. 192 (2005).  Consequently, Plaintiff is unable to create an independent cause under the FDCPA because of Defendant's failure to comply with the § 600.2145 through means of a "stale affidavit."

Moreover, Plaintiff's reliance on *Lipa* is misplaced.  In his response to Defendant Assets' motion, Plaintiff cites *Lipa* to assert that he has stated a claim under 15 U.S.C. § 1692f.  Plaintiff argues that unlike the plaintiff in *Lipa*, he has alleged a time-barred debt and should accordingly be allowed to proceed under an alleged violation of § 1692f, which among other things prohibits an attempt to collect "any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Since this Court has found that the prior debt collection suit was filed within the applicable statute of limitations, Plaintiff cannot prevail on his claim that Defendant filed suit in violation of MCL § 600.2145.

### 3.    *Bona Fide Error Defense*

In the alternative, Defendant Asset argues that the bona fide error defense provides an exception to the liability imposed by the FDCPA.  Asset contends that it was permitted to rely on the information it received from the seller of the Plaintiff's debt.  The Plaintiff has not responded to this defense.  The Court agrees with Defendant.

A debt collector may avoid liability for an FDCPA violation under the Act's bona fide error defense, which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).  In order to qualify under the bona fide error exception, the debt collector

10

must demonstrate (1) that a violation was not intentional; and (2) the debt collector maintains procedures reasonably adapted to avoid any such error.  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1998).  This Court finds that the procedure proffered by Asset supports the bona fide error defense.

Defendant Asset maintains that there was no intentional violation of the FDCPA as it was entitled to rely on information that it received from the seller of Plaintiff's debt.  It is undisputed that the seller of information communicated to Asset that the final payment on the Plaintiff's account was July 3, 2001. [*See* Account Statements, Def. Asset's Mot. for Summ. J., Ex. C]. Based on these records, Asset filed the prior suit within the applicable statute of limitations, therefore it can not be said that Asset intentionally violated the FDCPA.  *See Moya v. Hocking*, 10 F. Supp. 2d 847, 849 (W.D. Mich. 1998) (holding bona fide error defense was warranted where debt collector relied "upon computer-generated account information supplied by the seller which [debt collector] download[ed] into its own system.").

Secondly, the Defendant must also establish that it has maintained reasonable compliance procedures.  Here, Defendant provides information that it purchases in bulk account receivables to be collected, and that the sellers provide computer generated data which includes a statutory accrual dates for the purposes of the statute of limitation calculations. [Declaration of Michael Beach, Def. Asset's Mot. for Summ. J., Ex. B].  The Defendant  relies on this information when determining which debts are beyond the statute of limitations. [*Id.*]  The Defendants assert that these are reasonable precautions, and this Court agrees.  The FDCPA "does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution."  *Kort v. Diversified Collection Services*, 394 F.3d at 539 (7th Cir. 2005).

11

Accordingly, this Court finds that there is no genuine issue of material fact as to whether Defendant Asset merits the bona fide error defense.  Defendant is protected on these facts by the bonafide error defense.

### B.    Defendant Elliot's Motion for Summary Judgment

Defendant Elliot's Motion for Summary Judgment **[Docket No. 33, filed July 15, 2008]** differs from Defendant Asset's Motion in that it specifically addresses the alleged violations of the FDCPA, through telephone contact.  Elliot argues no violations of the FDCPA occurred in regards to the Plaintiff's allegations concerning telephone contacts, and that Plaintiff's assertions are baseless and unsupported by the evidence.

The Plaintiff's Complaint alleges that Defendant Elliot violated multiple provisions of the FDCPA, through telephone contact.  The allegations include violations of: §1692b(2)(prohibiting the debt collector from communicating with another person), §1692b(3) (prohibiting contacting more than once to acquire information), §1692c(a)(1)(prohibiting calls after 9:00pm); §1692c(b)(prohibiting communication with third parties); §1692d(5)(prohibiting harassment in the form of repeated calls with intent to annoy, or harass); §1692d(6) (prohibiting calls without meaningful disclosure of the caller's identity).

Defendant Elliot contends that it only called Plaintiff on two occasions, and that it has phone records supporting this fact.  However, Plaintiff alleges that Elliot called Plaintiff "nearly every day, even after Plaintiff repeatedly asked them to stop," that Elliot "placed telephone calls without properly identifying themselves."  (Amended Compl. ¶¶17-18).  Plaintiff submits that Elliot "has even called Plaintiff after 9:00p.m.," and that Elliot has on two occasions left messages with Plaintiff's roommate "regarding Plaintiff's debt."  (*Id.* ¶17-18).  Viewing the

12

evidence in a light most favorable to the Plaintiff, this Court must conclude that there remain genuine issues of material fact as to the alleged violations of the FDCPA through telephone contact.

On summary judgment, the Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). With respect to the telephone violations Plaintiff maintains that the alleged violations occurred. Accordingly, in regards to the telephone violations of 15 U.S.C. § § 1692b(2), 1692b(3), 1692c(a)(1), 1692d(5), and 1692d(6) there remain genuine issues of material fact.

## IV.   CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant Asset Acceptance Motion for Summary Judgment **[Docket No. 32, filed July 15, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Mary Jane Elliot's Motion for Summary Judgment **[Docket No. 33, filed July 15, 2008]** is **DENIED IN PART** as there remain genuine questions of material fact in regards to the alleged telephone violations of FDCPA, 15 U.S.C. § § 1692b(2), 1692b(3), 1692c(a)(1), 1692d(5), and 1692d(6).

**IT IS FURTHER ORDERED** that Defendant Asset Acceptance Motion to Strike Plaintiff's Post-Hearing Submission or, in the Alternative, for Leave to File the Attached Response Pursuant to LR 7.1(f) **[Docket No. 42, filed October 31, 2008]** is **GRANTED** in the alternative, and the attached response is considered herein.

13

**IT IS FURTHER ORDERED** that Defendant Asset Acceptance Ex-Parte Motion for Leave to File a Sur-Reply in Further Support of Its Motion for Summary Judgment **[Docket No. 44, filed Feb. 18, 2009]** is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Defendant Mary Jane Elliot's Motion for Leave to File a Supplemental Reply in Support of Its Motion for Summary Judgment Based on Recent State District Court Ruling **[Docket Nos. 45 and 46, filed March 4, 2009]** is **GRANTED**. However, the Court finds that the doctrine of collateral estoppel is inapplicable to the remaining claims based on the alleged violations of the FDCPA, as the state court ruling was based entirely on Michigan state law claims.

**IT IS FURTHER ORDERED** that a status conference be held with the remaining parties on **May 12, 2009, at 2:30p.m.**


                                             S/Denise Page Hood
                                             Denise Page Hood
                                             United States District Judge

Dated:  March 27, 2009

        I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2009, by electronic and/or ordinary mail.

                                               S/William F. Lewis
                                               Case Manager

14